## Wells, &c. *vs* Commonwealth, for Austin.

### ERROR TO THE OLDHAM CIRCUIT.

#### Constables. Juries. Damages. Costs.

**DEBT.**

*Case* 113.

*June 30.*

JUDGE BRECK delivered the opinion of the Court.

THE defendant in error, recovered a judgment in an action of debt against Wells and his sureties, upon the official bond of the former, as Constable, for $28 28, with interest and costs, which is now sought to be reversed.

Various objections are made to the declaration, which will be first noticed.

The alledged breach of the condition of the bond, was the failure, by Wells, to pay over to the relators, money collected upon a note placed by them in his hands for collection.

It is objected, that the declaration contains no averment of a special demand of the money of the Constable, and refusal by him to pay it over. This objection would unquestionably be valid, if it appeared from the record that the relator did not reside in the county of Oldham, where Wells was a Constable. But as the record in this case does not show that fact, the objection is not sustainable. The condition of the bond is, that the Constable will pay to the persons entitled thereto, all sums of money by him collected, &c. But the law

In suit on a Constable's bond for failing to pay over money collected, if it appear that the plaintiff did not reside in the county, the declaration should aver a demand in the county, the law not requiring him to go out of his county to pay over monies collected.

does not require him to go out of his county to pay over money which he has collected, and if the fact be that the creditor does not reside in the county, and has failed to constitute an agent in it as provided by the statute, this would be matter of defence, which could be plead and relied on by the Constable or his sureties.

An averment by the plaintiff, that the Constable has collected and failed to pay over, is sufficient, without averring a demand, or that the plaintiff resided in the county, or had constituted an agent in it, to show a liability upon the bond. But as matter of excuse, the Constable may plead and show the non-residence of the creditor. This view of the case is not, we think, inconsistent with the case of *Finn* vs *The Commonwealth, for Wilson,* (5 *J. J. Marshall,* 338,) or the case of *The Commonwealth, for Cooper* vs *Bartlett's executors,* (7 *J. J. Marshall,* 161.)

*The failure to aver the non-payment of the penalty of a Constable's bond, in a suit therein for breach of official duty, is an available objection on demurrer.*

There is no averment in the declaration, of the failure of the defendants to pay the penalty of the bond, and this, according to the well settled rule, is a valid objection, and available upon general demurrer. The Court below, therefore, erred in overruling the demurrer.

*In debt upon a Constable's bond for a failure in his official duty, it is error for the Court to assess the damages, a jury should assess them, and judgment should then be entered for the penalty of the bond, to be discharged by the payment of the damages assessed.*

Upon overruling the demurrer, and the defendants failing to answer further, the Court proceeded to render judgment against them in damages for the amount alledged by the plaintiff to have been collected by Wells, and which he had failed to pay over. And in this we are also of opinion the Court erred. The damages should have been assessed by a jury, and the judgment should have been for the penalty of the bond, to be discharged by the payment of the damages assessed. There is nothing in the 23d section of the act of 1836, changing the mode of summoning juries, (3 *Stat. Laws,* 358,) which renders unnecessary the intervention of a jury in a case of this kind.

*—And the plaintiff is entitled to a judgment for costs, although the damages be less than $50.*

We are of opinion, that in a case of this kind, the plaintiff is entitled to his costs, although the damages assessed should be under $50. It was so held by this Court, in *Fortune* vs *Howard,* (4 *J. J. Marshall,* 171.)

Wherefore, the judgment is reversed, and the cause remanded, with directions to set aside the order overruling the defendants demurrer, and to sustain the same, and for further proceedings.

*Armstrong* for plaintiffs; *Gazlay* for defendant.