Chief Justice Marshall
delivered the opinion of the Court.
These were four separate actions upon the Constable’s bond of Dickey, and his sureties, brought in the name of the Commonwealth for the use respectively of the above named persons as relators, and against Hughes and others, the sureties in the bond, the principal being dead. Demurrers to the original declarations, and to the amended declarations, where such were filed, having been sustained, and judgments thereon rendered for the defendants, the plaintiff prosecutes a writ of error in each case, and the four have been heard'together.
Each of the declarations assigns for breach, the failure to pay over money collected on execution by the deceased Constable, and it is contended that this breach is in every instance defectively stated for the want of a specific averment that the execution was directed to the deceased Constable, or to any Constable of the county of Union, in which he was an officer. But as it is alleged in each instance that the execution was issued by a Justice of the Peace of Union county, on a judgment rendered by him, and that while it was in full force it was delivered to Dickey, and received by him for collection as Constable, and was by him collected as Constable, the dates shewing that it was within the two years covered by the bond sued on, we think it is necessarily implied that the executions were in fact di *462 rected to a Constable of Unión county, and that the want of an explicit averment of the fact should, therefore, not be deemed a fatal defect in the declarations. As a fact necessarily implied in the allegations made, may be traversed as if it had been expressly stated, so it may be regarded on general demurrer as included in the allegation made. The same observations and the same conclusion apply to the breach alleged in taking an insufficient replevin bond on an execution. The averments with regal’d to the issuing and delivery of this execution, are the same as above stated, and therefore necessarily imply and include the fact that it was directed to a Constable of the county.
That a demand is not averred to haye been made of the money collected by a constable on execution, is no objection to a declaration on his bond ior failing to pay money collected on execution, if the stale ol case existed requiring such demand the defendant must show it.
Constable and sureties are liable for failing to pay over money collected by the constable on notes put into his hands for collection in the same way as for monies collected on executions.
The objection that a special demand of the money collected on the executions is not averred in any of the declarations, and that some of them do not aver that the relator resided in the county so as to show that such demand was not necessary, is fully met and decided to be unavailable in the case of Wells vs The Commonwealth : (8 B. Mon., 459.) It is there expressly decided that it is not necessary to aver either a special demand, or the residence of the relator, or his agent in the county, but that as matter of excuse the Constable may plead the fact of non-residence, &c.
The allegations relating to the failure to pay over money collected on a promissory note, show with certainty that the note was received by Dickey as Constable, at a date within the two years covered by the bond — and although it is not explicitly stated that he collected the amount due on it within the same two years, this fact, if it should be deemed essential to the sufficiency of the breach, is shown with sufficient certainty by the averment that on the day of , 1844, (the bond being dated in May, 1842,) the said Dickey did, as Constable of said county, and w’hile acting as such, under the said writing, obligatory and condition aforesaid, collect and receive the full amount, &c. This breach is deemed sufficient.
The objection taken in one of the cases, that it appears from the condition of the bond that Dickey was *463 Constable In the — district of Union county, and that no breach is shewn in that district, is untenable. Although since the act of 1820, (Stat. Law, 421) Constables are to be appointed within the districts therein directed to be laid off in the several counties, this is a limitation upon the County Courts in the selection of the officer, and is not a limitation upon his powers when appointed ; or, if it be impliedly so, the implication is removed by the thirteenth section of the same act, which expressly pi’ovides that the several Constables shall have authority to levy executions and attachments, and to serve warrants and other process any where within the limits of the county.
Constables may perform duties in any jjart of the counties in which they are appointed, and are not confined to particular districts.
B.Sf A. Monroe for plaintiffs; Morekead 4* Reed fox-defendants.
Wherefore, each of the declarations being, in our opinion, substantially sufficient as to each of the breaches alleged, the Court erred in sustaining each of the special demurrers. And in each case the judgment is reversed, and the cause remanded, with directions to overrule the said demurrers, and for further proceedings consistent with this opinion.