CASE 10—PETITION ORDINARY—JANUARY 11.

# Huston vs. Hagar, &c.

### APPEAL FROM UNION CIRCUIT COURT.

The comprehensive provisions of the Revised Statutes were designed to govern all proceedings against sheriffs, constables, &c., for money collected by them, and to make a demand necessary, whether the plaintiff claims damages or not, and without reference to the place of his residence. (*Rev. Stat., sec. 3, art. 18, chap. 36; Ib., sec. 2, art. 4, chap. 20.*)

G. Huston, for appellant, cited 8 *B. Mon.*, 459; 13 *B. Mon.*, 399; 10 *B. Mon.*, 461.

B. P. Cissell, for appellee, cited 1. *Rev. Stat., sec. 2, p.* 256; 1 *Met.*, 348; 3 *Met.*, 501.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

The only question in this case is, whether or not, in an action against a constable and his sureties, for money collected by him upon a note placed in his hands for collection by the plaintiff, the petition must aver a demand of the money from the constable.

*Chap.* 36, *art.* 18, *sec.* 3, *of the Revised Statutes,* makes a sheriff, or other like officer, and his sureties, liable for money collected by him on any writ of execution or other process which he shall fail to pay to the party entitled thereto, his agent or attorney, on a proper demand thereof, and for fifteen per centum per annum interest thereon, recoverable by suit or motion.

*Chap.* 20, *art.* 4, *sec.* 2, *of the Revised Statutes,* makes a constable and his sureties liable for money collected by him on any execution, order of sale, fee bill, note, account, or other claim put in his hands for collection, and which, on demand, he neglects to pay to the person entitled thereto, and for interest and ten per cent. damages thereon, recoverable by suit or motion.

The appellant, who was plaintiff in the court below, contends that these provisions render a demand necessary only when damages are claimed. But we are of a different opinion.

Formerly it seems to have been the duty of sheriffs and constables, collecting money upon executions, to pay it to the persons entitled thereto without a demand. But several statutes were enacted relieving sheriffs from liability to be sued for money collected upon execution, and relieving constables from liability to be sued for money collected with or without execution, unless a previous demand had been made, or unless the person entitled to the money resided in the county in which it was collected, or had an agent therein. (*Act of* 1796, 1 *Litt. L.,* 552; *Act of* 1828, *secs.* 22 *and* 24, 1 *S. L.,* 648; *Acts of* 1835 *and* 1837, 3 *S. L.,* 137, 139; 5 *J. J. M.,* 338; 7 *J. J. M.,* 162; 8 *B. Mon.,* 459.)

The framers of the Revised Statutes omitted these provisions, and thus abolished the distinction that formerly existed with reference to the residence of creditors. Did they intend to make sheriffs and constables liable even to non-residents of the county, without a demand, or to relieve them from liability even to residents of the county, without a demand? In our opinion, the comprehensive provisions to which we have referred were designed to govern all proceedings against such

officers for money collected, and to make a demand necessary, whether the plaintiff claims damages or not, and without reference to the place of his residence.

The judgment is affirmed.